# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re:** | Case No. 24-10032 |
| **CHRISTOPHER DUKE DANTIN** | Chapter 7 |
| Debtor | |
| _____ | _____ |
| **CHRISTOPHER BLACKSTONE** | Adv. Proc. No: |
| Plaintiff, | |
| v. | |
| **CHRISTOPHER DUKE DANTIN** | COMPLAINT |
| Defendant | |

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Christopher Blackstone ("Mr. Blackstone" or "Plaintiff"), who respectfully avers and represents:

### Preliminary Statement

1. This is an adversary proceeding by Christopher Blackstone ("Mr. Blackstone"), and is for a determination excepting a debt from discharge under Sections 523(a)(2), (4), and (19) of the Bankruptcy Code owed by Christopher Duke Dantin, the Debtor ("Debtor" or "Defendant"), to Mr. Blackstone, pursuant to Section 523(c)(1) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 4007 and 7001(4).

### Jurisdiction and Venue

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

3. Venue is proper in this district under 28 U.S.C. §1409(a). This adversary proceeding is related to a bankruptcy case under Chapter 7 that is pending in this district bearing Case Number 24-10032.

4. Mr. Blackstone consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

## Parties

5. Mr. Blackstone is the holder of a secured claim against the Debtor.

6. Debtor is the individual Chapter 7 debtor in the above-captioned matter.

## General Allegations

7. Debtor held himself out to Mr. Blackstone as a registered financial advisor, able to sell a certain type of securities in Louisiana for which Louisiana law requires such registration.

8. Mr. Blackstone relied upon Debtor, as his investment advisor, to provide truthful, accurate, and complete information regarding investment opportunities available to him.

9. Debtor made false statements to Mr. Blackstone and failed to disclose material information that Mr. Blackstone, as a reasonable investor, would have factored into his investment decision.

10. Debtor violated Louisiana securities laws, breached his fiduciary duties owed to Mr. Blackstone under the circumstances, made negligent misrepresentations to Mr. Blackstone, and unjustly enriched himself at Mr. Blackstone's expense.

11. As such, on March 11, 2019, Mr. Blackstone filed suit against Debtor, commencing the case, *Christopher Blackstone v. Christopher D. Dantin, et al.*, Suit No. 680555, Section 23, 19th Judicial District Court, Parish of East Baton Rouge.

12. On or about May 4, 2022, a final judgment was rendered in the case against Debtor and in favor of Mr. Blackstone, holding that, due to Debtor's violation of Louisiana securities law, Debtor is liable to Mr. Blackstone for $1,357,238.35, plus attorney's fees in the amount of $132,345.75, court costs in the amount of $2,161,94, and legal interest from December 1, 2021 until the amount is paid in full (the "Final Judgment").[1]

13. As of January 21, 2024, the total debt owed to Mr. Blackstone as a result of the Final Judgment is $1,598,417.81 (the "Debt").[2]

14. Mr. Blackstone recorded the Final Judgment on May 31, 2022 in the mortgage records of East Baton Rouge Parish and West Feliciana Parish, perfecting a judicial mortgage on all immovable property owned by Debtor.[3]

15. On January 22, 2024, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Petition") in this Court.

16. The Debt owed to Mr. Blackstone is not dischargeable in bankruptcy pursuant to Section 523(a)(2), (4), and (19) of the Bankruptcy Code.

## Section 523(a)(19) Objection

17. Mr. Blackstone adopts and re-pleads all of the factual allegations of paragraphs 7-16, *supra*, by reference as if fully set forth herein.

18. Pursuant to 11 U.S.C. § 523(a)(19), a discharge in bankruptcy does not discharge an individual debtor from any debt that is for the violation of any federal or state securities laws or regulations or any debt that is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security, and which results from "any court or administrative

---

[1] Final Judgment, *Blackstone v. Dantin, et al.*, No. 680555 (May 4, 2022), attached as **Exhibit A**.
[2] *See* Calculation of Debt, attached as **Exhibit B**.
[3] The recorded Final Judgment can be found in the East Baton Rouge Parish Mortgage Records at Original 469, Bundle 13191. The recorded Final Judgment can be found in the West Felician Parish Mortgage Records at Book 300, Page 929, File No. 129905.

5000023.v2

order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."

19.    The Final Judgment is one for damages resulting from Debtor's violation of Louisiana securities laws, La. R.S. 51:701, *et seq.*

20    Debtor violated La. R.S. 51: 712(A)(1) by offering to sell and selling certain securities while not registered with the Louisiana Office of the Commissioner of Financial Institutions as required by La. R.S. 51:703.[4]

21.    Debtor violated La. R.S. 51:712(A)(2) by offering to sell and selling certain securities by both oral and written untrue statements of material fact of which Mr. Blackstone was unaware of the untruth.

22.    Debtor violated La. R.S. 51:712(D)(1) by offering to sell and selling certain securities as part of a scheme to defraud investors.

23.    Debtor violated La. R.S. 51:712(D)(2) by offering to sell and selling certain securities to Mr. Blackstone by obtaining commissions and other acts in the course of business that operated as a fraud or deceit upon Mr. Blackstone.

24.    On September 19, 2019, Mr. Blackstone filed a Motion for Partial Summary Judgment asserting that Debtor had violated La. R.S. 51:712(A)(1) by offering to sell and selling certain securities while not registered with the Louisiana Office of the Commissioner of Financial Institutions as required by La. R.S. 51:703.[5]

---

[4] *See* Memorandum in Support of Motion for Partial Summary Judgment, p. 2, *Blackstone v. Dantin, et al.*, No. 680555 (May 4, 2022), attached as **Exhibit C**; *See also*, Judgment on Motion for Partial Summary Judgment, *Blackstone v. Dantin, et al.*, No. 680555 (March 26, 2021), attached as **Exhibit D**.
[5] *See also* Exhibit C, p. 2.

25. On March 26, 2021, the court granted Mr. Blackstone's Motion for Partial Summary Judgment, finding Debtor liable for a principal amount of $1,500,000.00 and interest in the amount of $254,902.75.[6]

26. As a result of the Final Judgment, which found Debtor liable for violation of state securities law, Debtor is presently indebted to Mr. Blackstone in the amount of $1,598,417.81.

27. In the Debtor's Bankruptcy Schedules and the Form 106Sum filed by Debtor, Debtor incorrectly listed the Debt as an unsecured debt in favor of Breazeale, Sachse & Wilson, L.L.P.[7]

28. By virtue of listing the Debt, Debtor has asked that the Debt be discharged, regardless of the incorrectly named creditor or the incorrect designation of the debt as unsecured.

29. The Debt is not dischargeable under Section 523(a)(19) of the Bankruptcy Code.

## **Section 523(a)(2) Objection**

30. Mr. Blackstone adopts and re-pleads all of the factual allegations of paragraphs 7-16, *supra*, by reference as if fully set forth herein.

31. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge in bankruptcy does not discharge an individual debtor from any debt for money to the extent that such debt was obtained by false pretenses, a false representation, or actual fraud.

32. Generally, for a debt to be non-dischargeable under the actual fraud provision of Section 523(a)(2)(A), the creditor must show by a preponderance of the evidence that (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with the intent to deceive the creditor; (4) the creditor justifiably relied

---

[6] *See* Exhibit D. This amount differs from that of the Final Judgment because, in the Final Judgment, the Court found Debtor liable for additional legal interest, attorney's fees and taxable court costs, and applied a credit to the debt due to payments which were made in partial satisfaction of the debt.
[7] *See* R. Doc. 9, at 24.

on the representation; and (5) the creditor sustained a loss as a proximate result of such reliance. *See generally*, *Gen. Elec. Capital Corp. v. Acosta* (*In re Acosta*), 405 F. 3d 367, 372 (5th Cir. 2005), *rev'd on unrelated grounds*, 746 Fed. App'x. 392.

33. Debtor represented himself to Mr. Blackstone as a financial consultant, registered with the Louisiana Office of the Commissioner of Financial Institutions and therefore authorized to sell certain securities under Louisiana law.

34. Debtor, at all pertinent times, was not registered with the Louisiana Office of the Commissioner of Financial Institutions.

35. Debtor knowingly made oral and written untrue statements of material fact and omitted certain material facts which, in light of the circumstances, were misleading, as part of a scheme to defraud Mr. Blackstone and unjustly enrich himself.

36. Mr. Blackstone did not know of the untruths and omissions, and in the exercise of reasonable care, justifiably relied upon the investment advice of Debtor, Mr. Blackstone's financial advisor.

37. Because of the fraud perpetrated by Debtor, Mr. Blackstone suffered a loss for which the Final Judgment was intended to remediate.

38. Debtor filed his Bankruptcy Petition to avoid payment of the Debt incurred as a result of Debtor's fraudulent actions.

39. As a result of the Debtor's false pretenses, false representations, or actual fraud, and as represented by the Final Judgment, Debtor is indebted to Mr. Blackstone in the amount of $1,598,417.81.

40. In the Form 106Sum filed by Debtor, Debtor incorrectly listed the Debt as an unsecured debt in favor of Breazeale, Sachse & Wilson, L.L.P. *See* R. Doc. 9, at 24.

41.     By virtue of listing the Debt, Debtor has asked that the Debt be discharged, regardless of the incorrectly named creditor or the incorrect designation of the debt as unsecured.

42.     The Debt is not dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

### Section 523(a)(4) Objection

43.     Mr. Blackstone adopts and re-pleads all of the factual allegations of paragraphs 7-17, *supra*, by reference as if fully set forth herein.

44.     Pursuant to 11 U.S.C. § 523(a)(4), a discharge in bankruptcy does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity.

45.     As Mr. Blackstone's financial advisor, Debtor served in a fiduciary capacity and owed a duty of loyalty to Mr. Blackstone.

46.     Mr. Blackstone reasonably relied on the advice and counsel of Debtor in the purchasing of securities to his detriment.

47.     Debtor breached the duty of loyalty he owed as financial advisor to Mr. Blackstone by defrauding Mr. Blackstone by misrepresenting or omitting material facts in the sale of securities as alleged in paragraph 20, *supra*.

48.     Debtor breached his duty of loyalty he owed as financial advisor to Mr. Blackstone by receiving commissions as a means of defrauding Mr. Blackstone as alleged in paragraphs 21 and 22, supra.

49.     As a result of Debtor's conduct, and as represented by the Final Judgment, Debtor is indebted to Mr. Blackstone in the amount of $1,598,417.81.

50.     In the Form 106Sum filed by Debtor, Debtor incorrectly listed the Debt as an unsecured debt in favor of Breazeale, Sachse & Wilson, L.L.P. *See* R. Doc. 9, at 24.

51. By virtue of listing the Debt, Debtor has asked that the Debt be discharged, regardless of the incorrectly named creditor or the incorrect designation of the debt as unsecured.

52. The Debt is not dischargeable under Section 523(a)(4) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Christopher Blackstone, respectfully requests that this Court:

1. Determine that the Debt owed by Debtor/Defendant, Christopher Duke Dantin, to Plaintiff, Christopher Blackstone in the amount of $1,598,417.81 is nondischargeable under 11 U.S.C. §523(a)(19);

2. Alternatively, determine that the Debt owed by Debtor/Defendant, Christopher Duke Dantin, to Plaintiff, Christopher Blackstone in the amount of $1,598,417.81 is nondischargeable under 11 U.S.C. §523(a)(2); or

3. Alternatively, determine that the Debt owed by Debtor/Defendant, Christopher Duke Dantin, to Plaintiff, Christopher Blackstone in the amount of $1,598,417.81 is nondischargeable under 11 U.S.C. §523(a)(4); and

4. Grant such other and further relief that the Court deems just and proper.

By Attorneys,

**BREAZEALE, SACHSE & WILSON, L.L.P.**
23rd Floor, One American Place
301 Main Street, Suite 2300
Post Office Box 3197
Baton Rouge, LA 70821-3197
Telephone: (225) 387-4000
Telecopier: (225) 381-8029


/s/ *Christopher J. Vidrine*

Christopher J. Vidrine  (La. Bar Roll No. 40538)
Chris.Vidrine@bswllp.com
Joseph Titone (La. Bar Roll No. 12834)
Jody.Titone@bswllp.com
*Attorneys for Christopher Blackstone*

**Please serve:**
Christopher Duke Dantin
13719 Oakley Lane
St. Francisville, LA 70775

and

Morley C. Diment
2644 South Sherwood Forest Blvd.
Suite 108
Baton Rouge, LA 70816
*Counsel for Christopher Duke Dantin*